UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LEONARD WALKER,

        Plaintiff,

vs.

        Civil Action 2:16-cv-769
        Chief Judge Edmund A. Sargus, Jr.
        Magistrate Judge Elizabeth P. Deavers

GARY MOHR, *et al.*,

        Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff, Leonard Walker ("Plaintiff"), a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against a number of Defendants, alleging a variety of claims relating to his confinement. This matter is before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-2; "Complaint" or "Compl.") under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons set forth below, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against each Defendant.

**I.**

Plaintiff is an inmate at Ross Correctional Institution ("RCI"), a prison in Ross County, Ohio. From June 2008 to January 2015, Plaintiff was an inmate at Chillicothe Correctional

Institution ("CCI"), another prison in the same County.  In his Complaint, Plaintiff identifies disciplinary actions taken against him by Ohio Department of Rehabilitation ("ODRC"), CCI and RCI prison employees that he alleges violated his constitutional rights.  Plaintiff names the following Defendants: Gary Mohr ("Mohr"), ODRC Director; Lee Antonio ("Antonio"), ODRC Assistant Chief Inspector; Brian Wittrup ("Wittrup"), ODRC Chief Bureau of Classification; Amy Hamilton ("Hamilton"), CCI Administrative Assistant to Warden; Paul Arledge ("Arledge"), CCI Inspector; Jenkins, CCI Warden; Corby Free ("Free"), CCI Institutional Inspector; Diehl, RCI Institutional Inspector; and Lt. Evans, ("Evans"), RCI employee. (Compl. 1.)

Plaintiff's allegations stem from three prison incidents.  On November 24, 2014, Plaintiff alleges Arledge issued a false conduct report or ticket[1] for violations of CCI inmate rules that prohibit dealing or participating in a transaction for payment, contraband (identified in the report as tobacco), and the use of telephone or mail in furtherance of criminal activity.  (*Id*. at 2.)  On December 2, 2014, Plaintiff alleges, the Rules Infraction Board ("RIB")[2] issued a disposition on the conduct report, in which Plaintiff was given 15 days of solitary confinement.  (*Id*. at 3.)  On December 12, 2014, the Warden affirmed the RIB decision.  Plaintiff filed two informal complaints with the Warden's office alleging Arledge unlawfully searched Plaintiff's cell, confiscated contraband belonging to Plaintiff's cellmate, and cataloged it as belonging to Plaintiff in the conduct report.  (*Id*. at 3-4.)  The content of the informal complaints subsequently became a formal grievance, which was denied by the Chief Inspector.  Plaintiff appealed the RIB decision to the ODRC Director, who affirmed the RIB.  (*Id*. at 3.)

---

[1] A conduct report or ticket is an official documentation of an infraction committed by a prisoner.
[2] The prison's board for review and disposition of conduct reports.

As a result of the RIB decision, Plaintiff alleges his brother's visitation rights were permanently revoked because prison officers believe his brother smuggled in the contraband. (*Id*. at 4.)  Plaintiff also alleges he was placed in an increased security level, a decision which he appealed unsuccessfully to the ODRC Director.  (*Id*. at 3-4.)

The second incident allegedly took place in early 2015, shortly after Plaintiff was transferred to RCI.  (*Id*. at 5.)  Plaintiff asserts that, in retaliation for his previously filed grievance, he was falsely issued a conduct ticket for having tested positive for marijuana. Plaintiff again filed a grievance to contest the allegedly false ticket, but the RCI Institutional Inspector denied the grievance and Antonio affirmed the denial.  (*Id*.)

The third incident allegedly occurred in June 2015 and involved a third-party prison employee issuing a ticket for a "lower level" infraction against Plaintiff for once again testing positive for marijuana.  The category of lower level infraction was allegedly chosen specifically so that Plaintiff did not have a right of appeal, as he would in the case of a RIB disposition. Instead, Plaintiff filed yet another grievance, which was again denied by the RCI Institutional Inspector, this time on the procedural grounds that Plaintiff had filed it as a grievance and not an appeal to the RIB—the proper forum.  (*Id*. at 5-6.)  This third grievance was subsequently also affirmed by the Chief Inspector.  (*Id*. at 6.)

Plaintiff alleges violations of his First and Eighth Amendment rights.  He seeks compensatory and punitive damages against Defendants in their official capacity as well as declaratory and injunctive relief against Defendants in their individual capacities.  (*Id*. at 2, 7-8.)

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).

---

[2] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III.

**A. Defendants Wittrup, Hamilton, Corby, and Evans**

In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To sufficiently plead the second element, a plaintiff must allege "personal involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is

because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).

Here, Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendants Wittrup, Hamilton, Corby, and Lt. Evans were personally involved in any violation of Plaintiff's rights. Defendant does not mention any of them by either name or title in his factual allegations. It is not sufficient to state that Wittrup, Hamilton, Corby, and Lt. Evans, by virtue of their employment positions, had supervisory oversight over actions taken by other prison officers or employees. *See Grinter*, 532 F.3d at 575. Because Plaintiff does not meet the requisite standard of alleging personal involvement, it is **RECOMMENDED** that Plaintiff's claims against these four Defendants be dismissed for failure to state a claim.

### B. Defendants Mohr, Antonio, Arledge, Jenkins and Diehl

Plaintiff has also failed to plausibly state claims for relief against the remaining Defendants—Mohr, Antonio, Arledge, Jenkins, and Diehl.

The Eighth Amendment, through the Due Process Clause of the Fourteenth Amendment, prohibits state officials from inflicting "cruel and unusual punishments" on prison inmates. U.S. Const. amends. VIII and XIV; *Wilson v. Seiter*, 501 U.S. 294, 296 (1991). State officials are prohibited from enacting punishments that "involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (internal citations and quotations omitted). If the inmate's claim relates to the conditions of confinement, as opposed to a claim for the use of excessive force, "the Eighth

Amendment only addresses 'deprivations of essential food, medical care or sanitation' or 'other conditions intolerable for prison confinement.'" *Coleman v. Governor of Mich.*, 413 F. App'x 866, 875 (6th Cir. 2011) (citing *Rhodes*, 452 U.S. at 348); *see also Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (holding that a conditions of confinement claim requires a substantial risk of serious harm such as the deprivation of food, clothing, shelter, medical care, and reasonable safety).

Applied here, Plaintiff fails to allege that Defendants used excessive force against him. Instead, he asserts:

> The conditions which Plaintiff has been exposed to as a result of the RIB convictions, has amounted to long-term isolation/segregation, and also a security level increase. Violating the 8th Amendment cruel and unusual punishment, as well as affecting a 'Liberty Interest' under the 14th Amendment.

(Compl. 7.) Contrary to Plaintiff's assertions, Defendants' conduct does not violate his Eighth Amendment rights. Plaintiff has neither a constitutional right to be free from false accusations nor a liberty interest in an appeal from a conviction of conduct report charges. *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (A "prisoner has no constitutional right to be free from false accusations of misconduct.") (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *Fields v. Henry Cnty., Tenn*, 701 F.3d 180, 186 (6th Cir. 2012) ("Procedural rights that do not require a particular substantive outcome cannot give rise to protected liberty interests." (internal quotation marks and citation omitted)). Plaintiff does not have a constitutional right to a particular classification or to any particular eligibility for rehabilitative programs. *Griffin v. Kallen*, 791 F.2d 933, at *1 (6th Cir. 1986) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)).

Plaintiff's retaliation claim in violation of his First Amendment rights also fails to state a claim upon which relief can be granted. To establish a retaliation claim, Plaintiff must show that

"1) he engaged in protected conduct; 2) he suffered an adverse action which would deter a person of ordinary firmness from continuing to engage in the protected conduct; and 3) the adverse action was motivated at least in part by the protected conduct." *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). Plaintiff's claims that Defendants retaliated against him for filing complaints in the prison grievance system are purely conclusory and, without more, too attenuated to support a retaliation claim. Plaintiff cites to *Thomas v. Eby*, in which the Sixth Circuit held that a prisoner stated a claim for a violation of his First Amendment rights where he alleged retaliation from a prison officer in response to filing a grievance. 481 F.3d 434, 440 (6th Cir. 2007). However, unlike Plaintiff, the prisoner in *Thomas* alleged specific facts which, if true, satisfy the third and final element of a retaliation claim. Here, Plaintiff's statements that conduct tickets issued to him at RCI were motivated by his grievances are conclusory and not sufficiently specific to satisfy the pleading standard. *Cf. Thomas*, 481 F.3d at 436 (alleging prison officer told prisoner she would "'teach [him] a lesson' for writing a grievance against another corrections officer" while issuing the conduct ticket). For these reasons, it is **RECOMMENDED** that Plaintiff's claims against the Defendants Mohr, Antonio, Arledge, Jenkins, and Diehl be dismissed for failure to state a claim.

## IV.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's claims against all Defendants be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

8

The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## **PROCEDURE ON OBJECTIONS**

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: September 12, 2016          /s/ *Elizabeth A. Preston Deavers*
                                  ELIZABETH A. PRESTON DEAVERS
                                  UNITED STATES MAGISTRATE JUDGE